IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BENHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>OZARK MATERIALS RIVER ROCK, LLC,<br><br>    Defendant. | Case No. 11-CV-339-JED-FHM |

**REPORT AND RECOMMENDATION**

Plaintiff's Motion for Attorney's Fees and Expert Costs, [Dkt. 185], and Plaintiff's Motion for Appeal-Related Attorney Fees, [Dkt. 214], are before the undersigned United States Magistrate Judge for report and recommendation. The motions are ripe for determination.

**Appeal-Related Fees**

Plaintiff prevailed before the Tenth Circuit on Defendant's appeal from the trial court judgment. The Tenth Circuit affirmed the District Court's entry of a restoration plan order in the citizen suit Plaintiff brought under the Clean Water Act, 33 U.S.C. § 1365. [Dkt. 204]. The Tenth Circuit entered an order granting Plaintiff's motion for appellate attorney fees and remanded the matter to the district court for a determination of the amount of attorney fees reasonably incurred in defending the appeal. [Dkt. 207].

Plaintiff's motion for appeal-related attorney fees seeks an award of $17,813.50 as a reasonable attorney fee for the legal work performed in defending the appeal. [R. 214]. The motion is supported by affidavits and detailed time records. Defendant filed a response brief, objecting to appeal-related fees. [Dkt. 216]. A month later, Defendant filed a motion to withdraw that response. [Dkt. 219]. Defendant did not provide any explanation

for the motion to withdraw its response, nor did Defendant ask for additional time to file an amended response or otherwise indicate that it had any objection to the amount Plaintiff requested. The undersigned views Defendant's withdrawal of its response as confessing the motion for appeal-related fees.

Finding the request for fees to be for a reasonable number of hours charged at a reasonable hourly rate and being without objection, the undersigned United States Magistrate Judge recommends that Plaintiff's Motion for Appeal-Related Attorney Fees, [Dkt. 214], be GRANTED.

## Motion for Attorney's Fees and Expert Costs

As prevailing party in this action brought under the Clean Water Act, Plaintiff's seeks an award of $156,324.36 for attorney fees reasonably incurred in the prosecution of this action in the district court and $68,507.13 in expert witness fees under 33 U.S.C. § 1365(d). Plaintiff prevailed in this action and therefore an award of fees is authorized under 33 U.S.C. § 1365(d). which provides:

> d) Litigation costs. The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

The undersigned rejects Defendant's argument that a fee award should be denied because the motion was filed before the entry of a judgment. At this point judgment has been entered.

Defendant argues that special circumstances exist that militate against any award of attorney fees. Defendant maintains that it was improper for Attorney Jason Aamodt to represent Plaintiff against Defendant and therefore there should be no award of attorney

fees. Plaintiff's counsel Mr Aamodt was a partner in the firm Aamodt and Wright when Defendant hired the firm to counsel it with regard to issues related to claims administered by the Oklahoma Department of Environmental Quality (ODEQ) which Defendant states were further related to claims in this case. The partnership later broke up. Defendant prosecuted a legal malpractice claim against Mr. Aamodt in Mayes County, Oklahoma based on these same allegations. [Dkt. 203-3]. Summary judgment was granted in favor of Mr. Aamodt and against Defendant in that case. [Dkt. 203-4, 203-5].[1] In view of that judgment, the undersigned finds there is no merit to Defendant's assertion that special circumstances exist to preclude an award of attorney fees.

Defendant's assertion that its reliance on the United States Army Corps of Engineers constitutes a special circumstance that militates against any award of fees is rejected. Defendant has made only a bald statement and has not provided any authority or argument to support its assertion.

## Amount of Attorney Fees

To calculate a reasonable attorney fee, the court multiplies the reasonable number of hours spent on the litigation by a reasonable hourly rate. The burden of proving the number of hours and rate is on the applicant. *Malloy vs. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The number of hours requested must be proven "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted

---

[1] In addition, the court did not find Mr. Aamodt's representation of Plaintiff as an obstacle to proceeding with this case. The court denied Defendant's motion to stay this case pending the outcome of the legal malpractice action, finding Defendant had not demonstrated a likelihood of success. [Dkt. 123, p. 5].

to specific tasks." *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983). Normally, not all hours expended in litigation are billed to a client. An applicant for a fee award should exercise billing judgment with respect to the number of hours claimed, excluding from the fee request hours that are redundant, excessive, or otherwise unnecessary. A reasonable rate is the prevailing market rate in the relevant community. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Plaintiff's motion is supported by affidavits attesting to the reasonableness of the number of hours and the hourly rate sought. The number of hours is supported by contemporaneous time records which detail the work performed and the time spent on each task. Plaintiff represents that the fee request has been reduced by $13,502 to account for work performed which was not necessary to the prosecution of this case. [Dkt. 185, p. 5, n1].

Defendant makes no objection to the hourly rates sought which range from $150 to $300 per hour for attorney time and from $35 to $$65 for support staff. Based on the undersigned's knowledge of rates in the Tulsa market and the affidavit submitted with Plaintiff's application for fees, the undersigned finds these hourly rates to be reasonable.

Defendant states that the number of hours should be substantially reduced because some of the time sought relates to Plaintiff's Clean Water Act § 402 claim which the court dismissed as moot on September 24, 2013, after the ODEQ entered a consent decree on September 12, 2011 for that claim. Defendant has not identified the particular time entries related to the moot claim, nor has Defendant suggested a percentage or number of hours.

that Defendant maintains should be eliminated from the fee award. Defendant asserts it is not Defendant's burden to identify which hours were spent on each claim. The undersigned disagrees.

While the party seeking attorney fees has the burden of proving the number of hours, that burden is met by submitting time records, as have been submitted with Plaintiff's motion. *See Case,* 157 F.3d at 1250. The party objecting has some obligation to identify objectionable hours, time entries, or an amount that the party contends should not be awarded. The undersigned has reviewed the time records and has not identified any entries obviously related solely to the §402 claim. Although the undersigned agrees with the principle that attorney time incurred prosecuting a moot claim should not be included in a fee award, Defendant has not properly supported its objection. Therefore, no reduction has been taken for attorney time allegedly devoted to the §402 claim after it was declared moot.

Defendant also argues that the expert witness expense for Bert Fisher should be eliminated form the award. Dr. Fisher was engaged to provide expert witness testimony concerning the §402 claim and did not testify at the bench trial. Plaintiff argues for the payment of Dr. Fisher's expert fees because some of Dr. Fisher's work was relied upon by the testifying expert, Dr. Patterson, and also because the maps prepared by Dr. Fisher were used in Plaintiff's case-in-chief. Plaintiff urges the court to consider and apply *Interfaith Cmty. Org. v. Honeywell Int'l. Inc.,* 426 F.3d 694, 715-717 (3rd Cir. 2005) where the Court addressed whether a party can recover expenses for a non-testifying expert. In that case, the Court considered the fee-shifting provision of the Resource Conservation and Recovery Act (RCRA) whose fee-shifting provision is identical to the one under

consideration in this case. The Court affirmed the trial court's order awarding fees for three experts who assisted with trial preparation, but did not testify. The trial court reasoned that due to the complex and technical nature of the case, it was necessary for the attorneys to consult with these experts. The Third Circuit found that "[t]he purposes of RCRA's fee-shifting provision would not be well-served by prohibiting reimbursement for the fees of non-testifying experts, at least to the extent that these experts serve to 'educate counsel in a technical matter germane to the suit.'" *Id.* at 716-717.

To the extent that some of Dr. Fisher's fees may be recoverable in that he assisted with trial preparation, Plaintiff has not identified those fees.[2] The undersigned finds therefore that Plaintiff is not demonstrated he is entitled to recover the expert witness expenses for Dr. Fisher. The undersigned recommends that Dr. Fisher's expenses, $49,374.52 be eliminated from the fee award.

Plaintiff seeks $19,132.65 for expert witness fees for Dr. Patterson. The undersigned recommends that Plaintiff be awarded $19,132.65 for Dr. Patterson's expert witness fees.

## **CONCLUSION**

The undersigned finds the attorney fee request to be reasonable in terms of the number of hours, the hourly rates, and the overall amount. As heretofore explained, the

---

[2] The parties are in a much better position than the court to particularly identify hours or expenses that they claim should be included in or eliminated from a fee award. The undersigned agrees with the statement by the District Court of Kansas that "[d]umping billing statements on the court is not an adequate means of supporting the expenses component of an attorney fee request." *United Phosphorus, Ltd., v. Midland Fumigant, Inc.*, 21 F.Supp.2d 1255, 1262 (D. Kan. 1998). In the *United Phosphorus* case, the court attempted to distill the invoices and calculate totals for each category of expenditures in the fee application, noting that "plaintiffs have only themselves to blame" for any omission or computational error by the court. *Id.*

undersigned United States Magistrate Judge RECOMMENDS that Plaintiff's Motion for Appeal-Related Attorney Fees, [Dkt. 214], be GRANTED, and that Plaintiff's Motion for Attorney's Fees and Expert Costs, [Dkt. 185], be GRANTED in PART, as follows:

| | |
|---|---|
| Attorney Fee Award | $156,324.36 |
| Expert Witness Fee | 19,132.65 |
| Appeal-Related Fees | 17,813.50 |
| Total Award | $193,270.51 |

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 31, 2018.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 17th day of August, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE