# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BENHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11-CV-339-JED-FHM |
| v. | ) | |
| | ) | |
| OZARK MATERIALS RIVER | ) | |
| ROCK, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Court has for its consideration Magistrate Judge Frank H. McCarthy's Report and Recommendation ("R&R") (Doc. 225) as to Plaintiff's Motion for Attorney's Fees and Expert Costs (Doc. 185) and Plaintiff's Motion for Appeal-Related Attorney's Fees (Doc. 214). The R&R recommends a total award of $193,270.51 to the Plaintiff based on Plaintiff's submission of time records for attorney fees and expert witness fees throughout the litigation. (Doc. 225 at 7). Defendant Ozark Materials River Rock submitted a timely Objection (Doc. 226) to the R&R.

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

## I.     Discussion

An award of fees is authorized under 33 U.S.C. § 1365(d) for a prevailing party in an action brought under the Clean Water Act:

> The court, in issuing any final order in any action brought pursuant to this section,
> may award costs of litigation (including reasonable attorney and expert witness

fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

Plaintiff filed this suit on June 1, 2011, seeking injunctive relief and civil penalties under §§ 402 and 404 of the Clean Water Act, 33 U.S.C. § 1251 *et seq.* The Court dismissed Plaintiff's § 402 claim as moot on September 24, 2013, based on the fact that Defendant had entered into a Consent Order concerning that claim with the Oklahoma Department of Environmental Quality on September 12, 2011. (Doc. 122 at 14). The Court then held a bench trial on the remaining claim and issued findings of fact and conclusions of law determining that Defendant violated § 402. (Doc. 160). The Court imposed a civil penalty (*id*. at 17) and ultimately adopted substantially all of Plaintiff's proposed restoration plan (Doc. 184). Defendant appealed, and the Tenth Circuit affirmed this Court's decision. (Doc. 204).

Defendant's main argument in its Objection to Judge McCarthy's R&R is that some of the recommended award is for work done by the Plaintiff towards the moot § 402 claim. Defendant argues, therefore, that the Court should reduce the recommended award for an amount that would be reasonably related to the prosecution of the § 402 claim. Alternatively, Defendant argues that the Court should require the Plaintiff to identify what work was related to the moot claim and reduce the recommended award by that amount.

The Tenth Circuit has held that "failure on some claims should not preclude full recovery if plaintiff achieves success on a significant, interrelated claim." *Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995). Where a plaintiff's claims involve a "common core of facts" or are "based on related legal theories," "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Defendant argues that Plaintiff's § 402 and § 404 claims were not interrelated, but the Court disagrees. Both claims arose under the Clean Water Act, and both related to the discharge of pollutants into Saline Creek as a result of Defendant's mining operation. (*See* Doc. 2). The Court finds that these claims involved a common core of facts that would make it difficult to separate out which hours were spent on one claim versus the other. For this reason, the Court denies Defendant's request to reduce the recommended fee award based on the moot § 402 claim.

Defendant further argues that "special circumstances" support its request for a reduction in the award. (Doc. 226 at 4). Specifically, Defendant contends that it relied on advice from the United States Army Corps of Engineers that it was not required to have a § 404 permit. Judge McCarthy dismissed this argument, stating that Defendant had "not provided any authority or argument to support its assertion" that this reliance on the Corps should affect the fee award. (Doc. 225 at 3). In its Objection, Defendant still does not provide authority to support the reduction of Plaintiff's fee award based on this circumstance, and the Court is not persuaded that it would be appropriate to reduce the award on this basis. The Court also notes that Defendant has previously argued that its reliance on the Corps (1) mooted Plaintiff's § 404 claim or (2) prohibited Plaintiff from bringing his citizen suit. These arguments were found to be without merit. (Doc. 122 at 10 n.6, Doc. 204 at 13).

## II.     Conclusion

For the foregoing reasons, Defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 226) is **denied**, and the Court **adopts** the Report and Recommendation (Doc. 225) of the Magistrate Judge. Plaintiff's Motion for Appeal-Related Attorney Fees (Doc. 214) is **granted**, and Plaintiff's Motion for Attorney's Fees and Expert Costs (Doc. 185) is **granted in part**. The total award granted to Plaintiff is $193,270.51.

ORDERED this 15th day of January, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE